May it please the court. The district court here committed two procedural errors in imposing a supervised release term of 15 years. The first is that it relied on an erroneous guidelines calculation and the second is that it failed to adequately explain its chosen sentence. For either or for both of those reasons this court should vacate the supervised release term and remand for resentencing. If we turn first to the guidelines issue the Seventh Circus decision in the Goodwin case addressed this precise question under section 5d 1.2 and both in the district court and here on appeal the government concedes that the Goodwin court's analysis is correct and that the advisory range is a single point of just five years. The district court rejected that analysis and relied instead on the probation officer's assertion that the advisory range was five years to life. It did that both at Joint Appendix page 40 where it said I don't think it's just five years I think it's five years to life and it confirmed that in its statement of reasons at Joint Appendix page 85 which again said the advisory range on supervised release is five years to life. The crux of the government's argument is that this guidelines error was harmless because no matter what the district court was ultimately going to get to this same sentence of a 15-year term of supervised release. If that argument is wrong first of all as we point out in the reply brief because the district court could have but chose not to impose an alternate sentence in which it could have said that regardless of what the guidelines range is here I think the 15-year term is warranted. The district court could have done that but didn't. Even setting that aside I would point to three particular things in the record. Do you object to the guideline calculation being five years or whatever five years to life whatever the district the district court please? Judge Wilkinson yes I think we did enough to preserve our objection here what happened in the district court is that the government stood up and said we believe the guidelines range is five years not five years to life as as probation is requested but we asked the we didn't disagree with the with the government's analysis on the guidelines but said that we believe that there was not a basis for variance so by doing that I think we expressed our agreement with. But did you actually object to the calculation that the district court was making about five years to life? Your honor it is true that our sentencing counsel did not say the words I object but I think the context of the what happened to the sentencing transcript made clear what our sentencing counsel what our position was which was agreeing with the government that the range is five years not five years to life and I think that's why we are in the posture of a harmlessness review rather than a plain error review. That said I think that even if we were on plain error review the outcome would be the same. The Goodwin case in the Seventh Circuit was a plain error case that remanded on this issue for the district court to consider it in the first instance. This court did the exact same thing in the Acklin case in February of this year which I apologize wasn't cited in the briefs but it's an unpublished disposition at 557 Federal Appendix 237. Let me let me ask you a question. I'm looking at 18 USC 3583 K. Yes. And it says notwithstanding subsection B the authorized term of supervised release for any offense under section 1201 involving a minor victim and for any other offense under and it listed a bunch of sections but includes 2250. The term of supervised release is any term of years of not less than five or life. So then this person is being sentenced under 2250 which is a specific section mentioned in 3583 K so I don't understand why that doesn't answer the question. Well, Judge Traxler, there's a distinction between the statutory range under 3583 K which we all agree is five years to life and the guidelines advised the advisory guidelines range which under section 5d 1.2 is only a single. You think the guidelines can trump the statute? No, no the good no we're not a 15-year term is within the statutory range. The question is whether the sentence is procedurally reasonable and to be procedurally reasonable there must first be an appropriate a correct calculation of the guidelines range. So the guidelines not only recommend appropriate they not only provide an advisory range for sentences of incarceration they also provide an advisory range for sentences of supervised release and so that's what if you look at the Goodwin's Court analysis if you look at Acklin and the court decided in an unpublished decision they all claim that the first step in correctly determining or in the first step in imposing a sentence of is to look at the guidelines and say what they call for. Do you think the guideline commentary is consistent with the statute? I think they're different which is is always the case. Well, they're consistent. The statutory range is five years to life there's no there's never been a dispute about that the government agrees with that we agree with that the question is at sentencing the district court can look okay I have a statutory range of five to life but what do the guidelines recommend here and that's where the error occurred he believed that the guidelines recommended five years to life that's what the probation officer said it's your whole position depend on whether we characterize a failure to register as a sex offense that is the guidelines analysis but if it's let's say if it's if it's not if the failure record if the failure to register is not a sex offense then when the guidelines it kick in it becomes this wouldn't it become the statutory minimum of supervised release which would be five years the gut that is right got well the guidelines do call for a recommended range of five years as they sing it's not really a range in this particular case a single point of five years if if you take the if you say that the failure to register does not make one a sex offender the right the analysis is under there is a two-part guidelines analysis so 5d 1.2 C says that the advice advisory range on be not less than the statutorily required minimum under 3583 is five years so that's the bottom of the guidelines range then if you turn to section 5d 1.2 b2 that the probation officer believe that that applied and that because it believed he believed that it was a sex offense and that would trigger a guidelines range of five years to life which would then match the statutory range but you know you don't mean you're rejecting the idea that it's a sex that's right we reject that the government all right let's say we agree with you that the failure to register is not a sex offense right then that makes the guidelines recommended range what would be the statutory minimum correct the mandatory minimum and that minimum is five years right right okay so let's assume you're right that the the failure to register is not a sex offense and then the guidelines adopted the mandatory minimum as the range okay but my question is simply a practical one assuming that the government's right that you're right assuming that you lodged an adequate objection what good is it going to do us to send this thing back and I asked you that for two reasons one of the the underlying sex offense which led to the classification of this defendant as a sex offender you know is is perfectly horrible as I understand it the individual holds a charge of molesting her and so Judge Cogburn says in his comments when he gives a statement of reasons look I need to protect people against this kind of conduct and he mentions the fact that he's for all torn off his GPS of bracelet and he's moved in and out without registering and said look this needs to be supervised we need to keep track of this person mainly because the underlying offense directed at that 13 year old girl was was horrendous so we send it back okay the government asked for an upward variance to a 15 year sentence from the five-year recommended guideline range district court it you know it may have been a little bit sloppy but but the district court knows what he's dealing with which is that somebody that has committed a terrible offense and they need to keep track of them do you really think there's a chance that the district court is going to impose anything less than 15 years of supervised release when the district court said this is what I think is the appropriate sentence it didn't seem to hinge on the individual factors with respect to Mr. Isdale I do think it would I do think there's a likelihood of a different sentence and I do think to step back to the first part of your question Judge Wilkinson as to what good it would do the court to send this back after goal under an advisory guideline scheme the premise of our system is that the district court makes these decisions in the first instance based on a correct understanding of the guidelines range that's why we think it should go back for the limited purposes of allowing the district court to consider the correct guideline range to consider the arguments you've articulated that the government articulated and to make its decision but as to there are I would point to three particular things in the record that give me a belief that there is a significant likelihood that on remand the district court would reach a different decision and impose a lesser term of supervised release the first of those is if you look at the sentence that the district court chose in the context of the guidelines range that he believed applied it's relatively modest he's looking at a guideline range of five years to life yet rather than concluding based on the factors that you've articulated that Mr. Isdale is somehow beyond repair and in need of permanent supervision for the remainder of his life he imposes only a 15-year term rather than the life that he believed was within the guidelines range the second point I would add to that is a related point if you look at joint appendix page 81 the probation officer says not only does it but it also believes that there is a guidelines policy statement that recommends the maximum term of life supervision but yet in light of that policy statement which doesn't actually apply the district court again imposed a 15-year term so my view is that if he had realized that the guidelines only call for five years and that this policy statement doesn't apply there's a significant likelihood that he would have either stuck with the guidelines at a five-year term or imposed a lesser variance is there a possibility that the court may just have believed that 15 years was enough given um rehabilitation treatment and perhaps Mr. Isdale's age he the district court was very concerned about Isdale's track record and his rootlessness and specifically said he simply didn't want him wandering all over the place breaking bad without the court's knowledge and he may have felt that 15 years would be enough to ensure that Mr. Isdale had an opportunity to change his way he may well have believed that but our point is just is simply this that before making that determination to be procedurally reasonable he should have correctly calculated the guidelines range that's the premise of any challenge to a guidelines calculation error and I know I'm over time but I would add one quick cite to the record is to joint appendix page 32 and joint appendix page 34 which rather than suggesting that this is kind of foreordained that he's definitely going up to 15 years the district court there reiterates I want to do the right thing I'll go up if I have to but I want to do the right thing on this sentencing to do the right thing he first needs to understand what the guidelines actually call for but I'm going to drag you back to the statute again okay carpenter the statute says that you can get up five years of life so supervisory if it the underlying offenses section 1201 involving a minor victim or separate from that if it's a violation of 2250 but what the guidelines do when they try to transpose that law into their guidelines and commentary they add the requirement that the crime has to involve a minor even if it's 2250 it's got to involve a minor before you can get up to life in prison for supervisor I mean not life imprisonment lifetime supervisor release and that's adding a requirement but that's that's not in the statute that's the problem I've got well that's true and but the point is that the sentencing commission does that all the time the sentencing commission in its guidelines doesn't simply reflect what the statutory range is it doesn't say well the statutory range is five years to life therefore the guidelines range is five years to life but they're changing the law they're they're changing the eligibility for this type of sentence of supervised release and I'm not sure they can do that you're absolutely right they cannot change the eligibility and we don't dispute that one bit the statutory range here is five years to life the term of 15 years is not a term that exceeds the statutory maximum it's a sentence that's procedurally unreasonable because the district court miscalculated but now you have to involve a minor to get that that's true that's not what the statute requires and that's based on the sentence I mean that is the sentencing commission's judgment that although the statutory range is five years to life we think that only five years is required unless the offense involves a minor and so they are saying that although you can go up to life we think that's generally not warranted unless it's a case that involves a minor in this case the failure to register case doesn't involve a minor okay Thank you. Mr. Miller. William Miller on behalf of the United States. The 15-year term of supervised release imposed in this case is reasonable and regardless of the standard of review that this court applies the district court's decision should be affirmed. The district court in this case if you review the record considered all of the government's arguments for an upward variance with respect to the term of supervised release and then stated that if it had the authority to go up that's what it would do. This is a reference that the defendant didn't cite in his reply and as it ignored but it's on page 34 and I think it's really important the court says I certainly am very concerned about this and I don't want any problem. If I have the authority to go up on the supervised release I don't mind doing that. So the court's telling us there that if it has the authority to go up that's what it's going to do and I would also call the court's attention to its prior decision in Savion Matute where this identical kind of language about going up and this is cited in the court assumed error but found that the error was harmless and that was based on the district court statements below that it would quote go upward and then later on saying it would go up a lot. But you do agree that there was a procedural error here and a misapprehension of the supervised release. The government's position is that it's unclear from this record exactly what the court determined the guidelines terms. I'm talking about what you think is correct. The correct term of for guidelines purposes in this case would be the five years. The special sorry I didn't want to. But then the district court said well I hear what the government said but I think it's five years to life and you know I'm not sure who's correct. I think you're probably correct because as I read all these different the interplay of all these different provisions you're taking the view that a failure to register is does not make is not a sex offense and if you're taking that view then I guess the guidelines range becomes a mandatory minimum because the provisions are keyed in on who is a sex offender and the underlying crimes are sex offenses. The question is whether the failure to register is one. But the district court you seem to agree that the district court did not correctly apprehend the range for supervised release that he thought it was five years to life and you seem to agree with Mr. Carpenter that it was five years. I agree with Mr. Carpenter that the guideline range was five years. My reading of the record is it's not clear whether the court's referring to the statutory range or the guideline range when he talks about 5 to 40 and going up and so the government's position is that under plain error review no error is clear or obvious on this record but more importantly and where we focus our argument is that regardless of the standard of review even if it's a de novo review. What about the chief judge's argument that this you know what the guideline range is really has to take a back seat to what the statute says. I would analogize this to even like the term of imprisonment type of coalition you have a statutory range and you have a guidelines range and when the guidelines range is underneath the statutory range the statutory mandatory minimum becomes the guideline range. All right well let me ask you this 2250 failure to register can that ever be committed against a minor? No it can't. So give me a situation where a person could violate 2250 and under the guidelines get up to life and life of a supervised release. A defendant could get that but it would have to be articulated as a variance. The guideline. No not a variance I mean it's consistent with guidelines because the guidelines have said it's got to be perpetrated against a minor and you can't have a 2250 offense against a minor. It has to be committed against a minor in order to get that greater supervised release term. In order for that to be within the guidelines right consistent with the guideline. It's similar to I mean I think of this as like a drug case perhaps where you're talking about the term of imprisonment. If it has a mandatory minimum that becomes the guideline range. The court can go over that but it would be articulated as a variance. It's the same thing with respect to the term of supervised release here. You have the statutory authority which is five to life. So the only way you could have a life over or say over five years of supervised release for a 2250 violation is through a variance. Yes your honor. The guidelines would not permit that absent a variance. But congress is saying that you can get up to life for 2250 regardless of whether it involves a minor. But you're saying the guidelines have eliminated that? The guidelines have adopted a different analysis for purposes of setting the guidelines range. But there's no greater range. I mean they've kept it. It has to involve a minor. The statutory range is still there. I mean it would be a lawful. But it's never going to be applicable under the guidelines. It would have to be articulated as a variance. And I'd draw the court's attention to the amendments that were they've addressed this particular provision in 5d 1.2. And what they've done is stricken the reference to this chapter where 2250 appears and said that failure to register does not qualify for this special rule with respect to sex offenses. And so the guidelines commission has attempted to resolve this issue going forward. And so under the guidelines and I would suggest there's no reason to adopt a different rule for defendants who are sentenced prior to the application of that rule which takes effect on Monday. But to respond to your question, the statutory range makes a sentence up to life lawful. The question then is what does the guidelines recommend? What is the guidelines range? Just like in a guidelines range for a term of imprisonment. The guidelines recommend the statutory minimum in this case which is five years. And so anything above that would be a lawful sentence. But it would have to be articulated as a variance from the guidelines range. So if that's your view, should we remand to allow the district court to dot the i's and cross the t's and impose a sentence as a variance? Or do you think he already did so? Because it's confusing to me looking at the eloquent level of exactly how the district court was imposing it. I agree that it's confusing. The court did seem to use some language consistent with the variance. But regardless of whether or not there's an error in the guidelines calculation or if this court even assumes an error, there's still no need for a remand in this case. And why do you say that? That's because the district court considered all of the relevant factors supporting a variance and then said, if I have the authority, I'm going to go up. And he said it two times. That's exactly what happened in the Savion Matute case. And Mr. Carpenter said at the beginning of his argument that the failure here is that the court didn't state this as an alternate sentence. In other words, the court didn't say, even if I came out the other way on this guidelines issue, this is the sentence I would impose. But that's not what's required under Savion Matute. The court said in this case, although the district court did not specifically state that it would give the same sentence absent the enhancement, there is no requirement that it do so. And the language of go up that the district court used in this case is identical to the language that the court that the district court used in Savion Matute. And so in light of the fact that the court has told us that this is the sentence it's going to impose if it has the authority and the fact that it considered each of the factors supporting the variance, including the prior sex offense against a minor, the history of subverting attempts at supervision, the cutting off of the GPS bracelet, the defendant's transient lifestyle and related concerns with the ability to monitor him. The court says, I don't know how we're going to keep up with him, but I can't let that be the reason I put him in jail. And the need to, quote, protect folks. I can't think of any other factors that the court would have considered in support of its term supervisor. You think it'd be just a hoop job? It would be, as this court has said before, a pointless exercise to remand in this case where the court has made its intention clear and relied on all the factors that support the variance. And unless the court has any further questions, I would ask that affirm the judgment of the district court in this case. Thank you, Mr. Miller. Mr. Carpenter. Judge Wilkinson, I think one thing you said is exactly right, which is that what we should do, what this court should do here is send this back to the district court, cross the I's and dot the T's. If the court decides to impose a variance based on the factors that you've articulated, the factors that were touched upon at the initial sentencing, it should do that consistent with its requirements to impose a variance. As you look, if you look at the King case that we cite in the reply brief, when a district court chooses to impose a variance, to impose it within guideline sentence, not much explanation is needed. But King recognizes that when the district court decides to impose a variance, it must do a little bit more than that. It must give, quote, serious consideration to the extent of the variance. When a district court says from the bench that we've got a horrible underlying sex offense, he was obviously aware of that. And then he's said he tore off his GPS bracelet and he's made every effort to evade any kind of supervision by moving in and out of North Carolina without registration. And he says, I need to protect people. I mean, just as a practical matter, is there any realistic chance he's going to do anything even a bit differently upon a remand? I mean, I do think there's a very realistic chance, Judge Wilkinson. And the reason is this, those factors as you've articulated them are serious. But if Judge Cogburn had made the decision that they were so serious that Mr. Isdale was beyond repair, he could have gone up to the maximum term of lifetime supervision. But something about the case, maybe it was the fact that Mr. Isdale has one underlying offense that was committed when he was 47 years old. That was his first and only actual sex offense. Maybe he believed that was aberrant behavior. And that really, for the other 50 or 46 years of his life, he'd been a law-abiding citizen and so that he could be rehabilitated. Maybe that's why he decided that not to go up to the maximum. Maybe in light of that, he would decide- But of course, if he found it was much less serious, he could have imposed seven years or five years or whatever. I mean, your argument cuts both ways. That's true, it does. And that's why, in the system of the advisory guidelines post-Gaul, we defer to the district court to make those decisions in the first instance, and to do so based on a correct understanding of what the guidelines require. I understand that, and you're absolutely right in what you say. But we do have these, a number of opinions like yours, can be harmless if the appellate court can say with fair assurance, based upon the record and the district court's explanation of reasons, that the exact same scenario would unfold upon remand, although upon a slightly different articulated route. Sure. And Judge Wilkinson, I don't think that showing is made here, that the court can be sufficiently assured that the outcome is definitely the same. And I point, as I said, to the fact that the court didn't go to the maximum. I also take the court to Joint Appendix, page 34, which my friend Mr. Miller quoted, the portion that says, if I have the authority to go up, I don't mind doing that. But what he followed that with was this. I've just got to make sure I do the right thing on this sentencing. The district court wanted to get it right. And in our system, the first step to go from there. So that's why we would ask the court to go back. I would like to circle back to Judge Shraxler for a second on the guidelines versus statutory distinction. And Mr. Miller mentioned the pending amendments, which will take effect on November 1st. And I have those in front of me. And the thing I would share is that the commission determined that this resolution, calling for a guidelines range of just five years, rather than five years to life, was most consistent with its statutory obligation to determine, quote, the appropriate length of supervised release terms. So what the commission is doing in its supervised release guideline is recommending to the district court, we believe this is the appropriate length. The statutory term is five years to life. If there's a reason for a variance, you can go up to life. We don't dispute that. But the commission believes that for a failure to register offense, the appropriate length is five years. That's true. But would you agree with me that by adding the requirement that the offense be against a minor in the commentary, that a person's supervised release for 2250, since it can't be against a minor, would never have to worry about a lifetime of supervised release? And that's my problem. Under the guidelines. I just don't know the guidelines can do that. Well, I think they can do that because the commission's charge is to determine what it believes is appropriate. And so even if Congress has said five years to life could happen, the commission says in a SORNA case, in a failure to register case, it should be just five years, unless there are particular facts in the particular case that justify a variance. The commission pointed to evidence that supported that determination. But they've done more than that. They put a qualification in to negate what Congress authorized. Well, and what they did in the amendment was actually just to rip the failure to register 2250 completely out of the definition of sex offense. So that the perplexity about whether a sex offense can ever be, or excuse me, whether a SORNA offense can ever be perpetrated against a minor, the confusion about that is fixed. That's why they fixed the guideline, because it left people like you perplexed as to what this could mean in the way the guidelines were written. But the policy level determination that the commission made as to why five years was the appropriate length was based on evidence that I would share. Again, this is in the pending amendment, which will take effect soon. As we base this change on expert testimony and research reviewed by the commission showed that the commission of a failure to register offense is not correlated with sex offense recidivism. So in other words, when a person is back being sentenced solely for a failure to register rather than for a subsequent sex offense, the commission has determined based on the evidence that that doesn't correlate with a likelihood of a future sex offense. And that for that reason, a five-year term is sufficient. And of course, 3583K also provides the district court with the opportunity to extend the term of that will be an additional fallback in these kinds of circumstances. So for these reasons, we would ask the court to send this back to the district court to recalculate the term of supervised release based on a correct understanding of the guidelines. Thank you.
judges: William B. Traxler, Jr., J. Harvie Wilkinson III, Allyson K. Duncan